IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LEE NEAL**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**UNION PACIFIC RAILROAD COMPANY**; **APOLLO MECHANICAL CONTRACTORS, INC.**,<br><br>Defendants. | Case No. 2:20-cv-01126-HL<br><br>**OPINION AND ORDER** |

Anthony S. Petru and Gavin S. Barney, Hildebrand McLeod & Nelson, LLP, 350 Frank H. Ogawa Plaza, 4th Fl., Oakland, CA 94612. Attorneys for Plaintiff.

Andrea R. Meyer and William S.T. Wood, Sussman Shank LLP, 1000 SW Broadway, Ste. 1400, Portland, OR 97205. Attorneys for Defendant Union Pacific Railroad Company. John Jackson Brannon, III, Melanie E. Rose, and William P. Taaffe, Smith Freed Eberhard, PC, 111 SW Columbia St., Ste. 800, Portland, OR 97201. Attorneys for Defendant Apollo Mechanical Contractors, Inc.

**IMMERGUT, District Judge.**

On September 23, 2021, Magistrate Judge Patricia Sullivan issued her Findings and

Recommendation ("F&R"), ECF 46, recommending that this Court deny Defendant Union

Pacific Railroad Company's ("Union Pacific" or "UPRR") Motion for Summary Judgement,

ECF 31.[1] UPRR filed objections to the F&R, ECF 49, to which Plaintiff responded, ECF 50.

This Court has reviewed de novo the portion of the F&R to which UPRR objected. For the

following reasons, this Court ADOPTS Judge Sullivan's F&R as supplemented herein.

## STANDARDS

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate judge."

28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's F&R, "the court shall make a de

novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made." *Id.* But the court is not required to review, de

novo or under any other standard, the factual or legal conclusions of the F&R to which no

objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v.*

*Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not

preclude further review by the district judge, *sua sponte*" whether de novo or under another

standard. *Thomas*, 474 U.S. at 154.

## DISCUSSION

**A.  State Common Law Claim**

No party objected to Judge Sullivan's findings and recommendation that this Court deny

Defendant UPRR's motion for partial summary judgment on Plaintiff's common law negligence

claim. *See* ECF 46 at 10–13. This Court has reviewed the F&R as to this claim and adopts in full

Judge Sullivan's conclusion that Defendant UPRR's motion for partial summary judgment as to

the common law negligence claim should be denied.

---

[1] This motion for summary judgment does not involve or otherwise implicate Defendant
Apollo Mechanical Contractors, Inc.

**B. FELA Claim**

Defendant UPRR objects to Judge Sullivan's findings and recommendations that this Court deny Defendant UPRR's partial motion for summary judgment as to Plaintiff's first claim for relief under FELA, 45 U.S.C. § 51, et seq. (1939). ECF 31; *see* ECF 46 at 5–9 (F&R); ECF 1 at ¶¶ 18–25 (complaint). In resolving this motion in favor of Plaintiff,  Judge Sullivan explained that while "[n]umerous federal courts have adopted what is known as the 'commuter rule,' . . . [t]he parties do not reference, nor has the Court located, any binding or in-circuit district court decisions" adopting the rule. ECF 46 at 6–7. Judge Sullivan considered the out-of-circuit caselaw persuasive, but not binding, and determined "an employee's status as 'on duty' is significant in determining whether an employee is acting within the course of employment" under FELA. *Id*. at 8 (citing *Cook v. Union Pac. R.R. Co.*, No. 2:10-cv-6339-TC, 2011 WL 5842795, at *3 (D. Or. Nov. 18, 2011)). She concluded that "[g]iving the benefit of all reasonable inferences to the nonmoving party," "a reasonable jury could find that Plaintiff and Martinez[, the other driver,] were on duty at the time of the collision," and therefore, summary judgment is inappropriate as there exists a genuine issue of material fact. *Id*. at 9. This Court has reviewed de novo this portion for the F&R to which UPRR has objected, and having reviewed de novo, this Court adopts Judge Sullivan's recommendation that partial summary judgment be denied on the FELA claim.

This Court writes separately to clarify that by denying summary judgment on the FELA claim, this Court neither adopts nor rejects the "commuter rule." Some circuit courts have endorsed a "commuter rule," which holds generally that railroad employees injured while commuting to and from their place of their employment are not considered to be within the scope or course of their employment for FELA purposes. *See Getty v. Bos. & Me. Corp.*, 505 F.2d 1226, 1228 (1st Cir. 1974) ("One commuting to work is ordinarily not deemed to be within the

PAGE 3 – OPINION AND ORDER

course of his employment."); *Quirk v. N.Y., Chi. & Saint Louis R.R. Co.*, 189 F.2d 97, 100 (7th Cir. 1951); *Sassaman v. Pa. R.R. Co.*, 144 F.2d 950, 952-54 (3d Cir. 1944). There exists, however, no binding Ninth Circuit precedent on this issue, and the Second Circuit has counseled that whether the commuter rule applies in a particular case "will depend on the fact of the case." *Goldwater v. Metro-N. Commuter R.R.*, 101 F.3d 296, 299 (2d Cir. 1996) (noting that the court had "in several cases held it inappropriate for the court to decide that the commuter-rule barred the plaintiff's claims as a matter of law"). By finding summary judgment inappropriate here, this Court does *not* hold that employees are necessarily within the scope of their employment for purposes of FELA while commuting; *nor* does this Court hold that employees are never within the scope of their employment while commuting. Rather, this Court finds that on the particular set of facts presented in this case, there is a genuine issue of material fact as to whether Plaintiff and Martinez, the other driver, were "on duty" and within the course of their employment at the time of the collision.

In FELA cases, "[n]ormally, whether an employee is acting within the scope of employment is a question to be resolved by the jury from all the surrounding circumstances." *Gallose v. Long Island R.R. Co.*, 878 F.2d 80, 84 (2d Cir. 1989) (internal quotation marks and citation omitted); *see also Baker v. Texas & Pac. Ry. Co.*, 359 U.S. 227, 228 (1959) ("Only if reasonable men could not reach differing conclusions on the issue [of employee status] may the question be taken from the jury."); *Lowden v. Atchison Topeka & Santa Fe Ry.*, 937 F.2d 491, 492 (9th Cir. 1991) ("Doubtful 'while-employed' questions are left to the jury unless the facts are so free from doubt that the court can decide as a matter of law that the covered employment relationship did or did not exist."). Moreover, the Ninth Circuit has denied summary judgment on scope of employment issues where "disagreements are closely interwoven with the facts of

each case," *Lowden*, 937 F.2d at 493, and has considered factors including the employee's "motivation" and "whether [the employee's] act furthered the railroad's business" when ruling on summary judgment, *id*. at 492 (citing *Wilson v. Chi., Milwaukee, St. Paul, & Pac. R.R. Co.*, 841 F.2d 1347 (7th Cir. 1988)).

Here, there are significant disagreements regarding materials facts and the legal implications drawn therefrom. For instance, there are material factual disputes regarding whether Plaintiff and Martinez were "on duty" or merely "on call" at the time of the collision. Defendant UPRR points to deposition testimony indicating they "on call," rather than "on duty," at the time of the collision. UPRR contends that merely being "on call" renders an employee outside the scope of employment. ECF 42 at 2–3. For example, Neal multiple times referred to his work status as "on call." *See* ECF 32, Ex. 1, at 13 (agreeing that "you're free to do personal things *even though you're on call*" (emphasis added)); ECF 41, Neal Decl., at ¶ 2 ("[W]hen I was *on-call* I was required to receive and respond promptly to calls[.]" (emphasis added)). On the other hand, Plaintiff points to deposition testimony indicating Plaintiff and Martinez were "on duty" at the time, and therefore within the course of employment. ECF 39 at 14.[2] For instance, in his deposition, when asked whether his employment status was "on call," Neal responded that "if I was on duty, I was on duty," ECF 32, Ex. 1, at 1, and explained that "I was always on duty," "always working," and that "[o]n duty is working," ECF 40-1, Ex. 1, at 8, 12–13. Similarly, in Martinez's deposition, he agreed with the statement that "you're on 24 [hours] on the days you're scheduled as on, and you're off on those scheduled days off." ECF 40-2, Ex. 2, at 5.

_____

[2] Plaintiff also contends that to the extent Plaintiff and Martinez were "on call," that does not preclude a finding that they were also within the scope of employment. *See* ECF 14 at 24.

PAGE 5 – OPINION AND ORDER

Additionally, the parties dispute the extent to which Plaintiff and Martinez used their company-issued vehicles for employment purposes only, and the legal consequences drawn therefrom. Plaintiff argues that the use of company-issued vehicle was "necessary for the performance of their work," used for employment-related purposes, and therefore rendered them within the course of employment at the time of the collision. ECF 39 at 16–19; *see also* ECF 40-1, Ex. 1, at 8 (Neal testifying that he did not use his company vehicle "for personal use"); ECF 41, Neal Decl., at ¶ 2 ("When it was necessary to respond [to emergencies] in person, I did so in my company vehicle."). On the other hand, Defendant UPRR points to evidence that neither Plaintiff nor Martinez were required to use the company-issued vehicle to commute to work, and that they pursued activities outside the scope of their employment while driving these vehicles. ECF 31 at 4, 7–8; *see also* ECF 35, Crawford Decl., at ¶ 3 ("Union Pacific does not require employees to use a company vehicle for commuting, and Union Pacific did not require that Mr. Neal use a company vehicle for commuting."); ECF 32, Ex. 1, at 12 (Neal testifying that he would stop for coffee while driving his company-issued vehicle and that he chose his own route to drive to work). Resolution of these disputes, among others, requires "[c]redibility determinations [and] the weighing of the evidence [which] are jury functions, not those of a judge . . . ruling on a motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Moreover, these disputes are "closely interwoven" with the facts of this case and therefore the determination of whether Plaintiff and Martinez were within the course and scope of employment at the time of the collision is best left to the jury. *Lowden*, 937 F.2d at 493.

**CONCLUSION**

This Court has reviewed de novo the portions of Judge Sullivan's F&R to which

Defendant UPRR objected. Judge Sullivan's F&R, ECF 46, is adopted in full, as supplemented.

Defendant UPRR's Motion for Summary Judgment, ECF 31, is DENIED.


**IT IS SO ORDERED**.

DATED this 16th day of December, 2021.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge